IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| IVAN RAMIREZ-ARELLANO, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CRIMINAL ACTION V-05-34 |
| § | CIVIL ACTION V-06-40 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Ivan Ramirez-Arellano's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2555. (Dkt. No. 23.)[1] The United States responded and moved to deny relief. (Dkt. No. 35.) After considering the motion, response, record, and relevant law, the Court is of the opinion that Petitioner's motion should be DENIED.

**Factual and Procedural Background**

Petitioner pled guilty on July 5, 2005 to possession of a prohibited object intended to be a weapon while an inmate at a federal correctional institution, in violation of 18 U.S.C. §§ 1791(a)(2), (b)(3) & (d)(1)(B). (Dkt. No. 20 at 1.) This Court entered judgment on October 17, 2005, sentencing petitioner to 24 months in prison to run consecutively with an undischarged term of imprisonment in Cause No. 00-10032-CR-MOORE followed by three years of supervised release, and ordering Petitioner to pay a $100 special assessment. (*Id.* at 2, 3 & 5.) Petitioner did not appeal to the Fifth Circuit. Petitioner filed the instant § 2255 motion on April 5, 2006, within the one-year

---

1. The citations in this Order refer to Criminal Action No. V-05-34.

limitations period pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d).

## Claims

Petitioner raises two grounds for relief.

1. Petitioner's conviction violated double jeopardy because the correctional facility previously convicted Petitioner and imposed disciplinary punishment arising from the same prison incident.

2. Counsel for Petitioner rendered ineffective assistance of counsel by failing to file a motion to dismiss the indictment on the ground of double jeopardy.

## Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## Analysis

Petitioner contends his conviction for possessing a prohibited object while incarcerated violated the Double Jeopardy Clause because "Petitioner was prosecuted in B.O.P. Incident Report # 1308723" and "was previously punished and sanctioned by the

B.O.P. for the same offense." (Dkt. No. 23 at 8.) The disciplinary hearing report to which Petitioner refers indicates that Petitioner lost good time credits and commissary, visitation, recreation, telephone, and other privileges as a result of the incident that led to his criminal conviction. (*Id.* at 14.) However, as the Court explained to Petitioner during his sentencing, "There is no double jeopardy unfortunately for you when they [the Federal Bureau of Prisons] punish you. You can be charged for a crime in Federal Court . . . ." (Dkt. No. 31 at 8:1—3); *United States v. Galan*, 82 F.3d 639, 640 (5th Cir. 1996) (double jeopardy does not bar subsequent criminal prosecution arising from the same offense involved in the prison disciplinary proceeding).

Petitioner further contends that his counsel rendered ineffective assistance for failing to file a motion to dismiss the indictment on the ground of double jeopardy. (Dkt. No. 23 3, 6—9.) To make out a claim for ineffective assistance of counsel, Petitioner must show objectively deficient performance and resulting prejudice in order to obtain relief. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). As explained *supra*, Petitioner's double jeopardy argument is without merit, and "'[c]ounsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.'" *U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990)).

## Certificate of Appealability

Under 28 U.S.C. § 2253, Petitioner must obtain a certificate of appealability before he can appeal this Order dismissing his motion. To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998). To make such a showing,

Petitioner must demonstrate that issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right. The issuance of a certificate of appealability in this action is denied.

## Conclusion

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2555 is **DENIED**. A Certificate of Appealability is also **DENIED**.

It is so **ORDERED**.

Signed this 20th day of February, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE